IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ELLA METCALF, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED<br><br>Plaintiff(s),<br><br>v.<br><br>PLAZA FOUR-TEN LIQUORS, INC., D/B/A THE NORTHERN GENTLEMEN'S CLUB, LELAND A. SWANSON, KERRY FERNHOLZ, JUSTIN HELGESON<br><br>**Defendants.** | CASE NO. 3:19-CV-169-DLH<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Defendants Plaza Four Ten Liquors, Inc., d/b/a The Northern Gentlemen's Club (hereafter "Northern"), Leland A. Swanson, Kerry Fernholz, and Justin Helgeson (hereafter "Defendants") required and/or permitted Ella Metcalf ("Plaintiff" or "Metcalf") and others similarly situated (hereafter "Plaintiffs" or "FLSA Class") to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage. In fact, Defendants refused to compensate them whatsoever for any hours worked. Plaintiffs' only compensation was in the form of tips from club patrons and even some of that money was illegally taken by the club.

2. Defendants took money from Plaintiffs in the form of "house fees" or "rent". Plaintiffs were also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3. Defendants misclassify dancers, including Plaintiffs, as independent contractors so that they do not have to compensate them at the federally mandated minimum wage rate.

1

4. Defendants' practice of failing to pay employees wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and dividing tips also violates Federal Law because for at least one workweek in the relevant statutory period, these practices caused Plaintiffs to be paid below the minimum wage.

5. Defendants also violated the FLSA by failing to pay time and a half to their employees when they worked more than 40 hours a week.

6. Defendants owe Plaintiffs minimum wages, overtime, house fee charges, tips, liquidated damages, attorney's fees, and costs.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III.   PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Ella Metcalf is an individual who at the time of the events giving rise to this lawsuit, resided in Oregon and worked for Defendants in North Dakota. Her consent to this action is attached as Exhibit A.

10. Opt-In Plaintiffs are those who are similarly situated to Plaintiff and who will file a valid opt in consent to join this action after notice of the collective action.

11. Plaza Four-Ten Liquors, Inc., doing business as Northern Gentlemen's Club, is a North Dakota corporation. This Defendant may be served with process by serving its registered agent Leland A. Swanson at 809 8th Street, Fargo, North Dakota, 58103.

12. Leland A. Swanson is the President of Four-Ten Liquors, Inc. He is also an owner and manager of Northern Gentlemen's Club and may be served with process at 809 8th Street, Fargo, North Dakota, 58103 or 325 10th Street N, Fargo, North Dakota, 58102.

13. Kerry Fernholz is an owner and a manager of Northern Gentlemen's Club and may be served with process at 325 10th Street N, Fargo, North Dakota, 58102 or wherever she may be found.

14. Justin Helgeson is the Human Resources Director of Northern Gentlemen's Club and can be served with process at 325 10th Street N, Fargo, North Dakota, 58102.or wherever he may be found.

15. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of North Dakota and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

16. Defendants have and continue to have systematic contacts with the State of North Dakota sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in North Dakota by operating a successful club in Fargo. Defendants also routinely employ workers such as Plaintiff and contract with residents and businesses in North Dakota.

17. This cause of action arose from or relates to the contacts of Defendants with North Dakota residents, thereby conferring specific jurisdiction over Defendants.

### IV.  FLSA COVERAGE

18. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

20. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21. Furthermore, Defendants have had, and continue to have, an annual gross business volume with Northern of at least $500,000.

22. Individual owners and managers are employers under the FLSA because they 1) have the power to hire and fire the dancers and other employees, 2) supervise and control employee work schedules or conditions of employment, 3) determine the rate and method of payment, and 4) are individually and collectively responsible for maintaining employment records.

23. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V. FACTS

24. Defendants operate an adult entertainment club in North Dakota, under the name of "Northern Gentlemen's Club."

25. Plaintiffs were previously employed as exotic dancers at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

26. Defendants hired local North Dakota residents as dancers. Defendants also brought in dancers from outside the state, such as Plaintiff, and provided them with "dorm" style lodging near the club.

27. Plaintiff was brought to North Dakota by Defendants for months at a time within the FLSA statutory period and was provided rudimentary lodging where she shared a kitchen and showers with a dozen or more dancers similarly brought in to work at the club.

28. Plaintiff would stay in this dorm for months and would work at the club full-time. In fact, many similarly situated Plaintiffs worked on a regular basis for Defendants' gentlemen's establishment. She had no transportation, she was expected to work full time at the club and was economically, practically, and functionally bound to the club.

29. Ella Metcalf worked at Northern for at least 40 hours a week. She worked from at least the beginning of her statutory period in August 2016 until May 2018.

30. She worked between 7-10 hours per shift and worked 6 shifts per week.

31. Metcalf never received any wages during her employment with the club.

32. As an illustrative example, in the first week of September 2016, Metcalf worked at Northern as a dancer and was not paid the federal minimum wage. This continued during every workweek she actually worked from the start of employment until she left in May 2018.

33. Similarly, Opt-In Plaintiffs did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour.

34. Plaintiffs were classified by Defendants as independent contractors who "leased" the premises and therefore actually paid the club to dance at the club.

35. Defendants charged a fee to Plaintiffs if they wanted to work at the club.

36. On at least one occasion during the statutory period, Plaintiffs left the club with negative earnings, that is, they made less than what they paid in "rental fees" to dance at the club.

37. Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at the establishment.

19. Defendants also required Plaintiffs to share their tips with other non-service employees who do not customarily receive tips, including club managers, the disc jockeys, and the "house moms."

20. Defendants also took a portion of Plaintiffs' tips after Plaintiffs performed dances for customers. These amounts were not recorded in the club's gross sales receipts and were not distributed back to dancers. As alleged, no wages were provided to dancers.

21. Plaintiff Metcalf performed a significant number of dances at Northern, after each dance, the club arbitrarily took $5 from her earnings from couch and lap dances.

22. The club also charged patrons who used a credit card to pay for the dances an unreasonably large service fee and pocketed that fee, without distributing any portion of it back to the dancers. For example, if a customer paid $250 for a VIP "champagne room" dance, the club would take the money and charge $50 as processing, and only distribute $200 back to the dancer.

23. Plaintiff and Class Members frequently work more than forty (40) hours per workweek without receiving compensation at one- and one-half times their regular rate.

24. Defendants illegally classified the dancers as independent contractors. However,

at all times, Plaintiffs were employees of Defendants.

25. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

26. The following non-exhaustive list further demonstrates the dancers' status as employees:

   a. Defendants forced Plaintiffs to pay a house fees to dance in the club – Plaintiff Metcalf paid $100 on average to dance, many times significantly more;
   b. Defendants did not allow dancers to enter the club to dance after 8pm;
   c. Defendants made the decision not to pay minimum wages or overtime;
   d. Defendants set the price for private dances ($25) at the club and kept a portion of the dance revenues for themselves ($5);
   e. Defendants provided the Plaintiffs with music, poles, stages, and extensive lighting, and the dancers simply danced;
   f. Defendants mandated that Plaintiffs pay managers and DJs a tip from Plaintiffs' own earnings;
   g. Defendants published an online schedule on their website and charged dancers fines for leaving early before their shift was over;
   h. The club signed in dancers every shift;
   i. Defendant required dancers to wait for a security escort before leaving the club to go to the parking lot;
   j. The club required Plaintiff Metcalf and Class Members to dance to a minimum number of songs on stage in order to incentivize patrons to spend money;
   k. Defendants auditioned the dancers but did not provide training, the main consideration was attractiveness of the dancer;
   l. Defendants invested thousands of dollars in physically transporting and housing dancers from out of state in lodgings close to the club so that they

      would work at the club full-time and attract more customers;

m. Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

n. Defendants employed Plaintiff and Class Members for several months if not years at one time;

o. Plaintiffs constituted the workforce without which Defendants could not perform their services;

p. Plaintiffs' services were integrated into Defendants' operations, i.e. customers came to the club to see Plaintiffs dance.

27. Plaintiffs are not exempt from the minimum wage or overtime requirements under the FLSA.

28. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

29. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VI. CAUSES OF ACTION

### COUNT I: FAILURE TO PAY MINIMUM WAGE AND WAGES DUE (COLLECTIVE ACTION)

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

39. Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

40. Defendants unlawfully charged Plaintiffs rent to dance and took tips and wages from them in violation of the Fair Labor Standard Act's minimum wage provision.

41. Because they paid no wages, Defendants violated the law.

42. Additionally, Defendants took tips and wages from Plaintiffs unlawfully. This violates the FLSA because it caused each Plaintiff to earn less than the minimum wage during at least one workweek in each Plaintiff's statute of limitations period.

43. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiffs.

### COUNT II: FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

44. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

45. This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and Class Members overtime based on the FLSA's time and a half formula.

46. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates of pay. 29 U.S.C. § 207.

47. By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

48. No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiff and Class Members.

49. Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### VII. COLLECTIVE AND CLASS ALLEGATIONS

**A. FLSA Class Members**

50. Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate and the correct overtime rate. That is, Plaintiff worked with other dancers who worked at Northern Gentlemen's Club. As such, Plaintiff has first-

hand personal knowledge of the same pay violations at the Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

51. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

52. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

53. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate and overtime rate under the FLSA.

54. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage and overtime.

55. Defendants' failure to pay for hours worked at the minimum wage rate and the correct overtime rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

56. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

57. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

58. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate and are entitled to time and half compensation for working overtime.

59. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

60. As such, Plaintiff bring their FLSA minimum wage and overtime claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## VIII. DAMAGES SOUGHT

61. Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

62. Plaintiffs are entitled to recover compensation for the hours they worked over 40 in one workweek for which they were not paid at the mandated overtime wage rate.

63. Plaintiffs are also entitled to all of the misappropriated funds, including "rental fees", tips taken from them, tips taken from dance performances, and any additional wages owed.

64. Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

65. Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX. DEMAND FOR JURY TRIAL

66. Plaintiffs demand a trial by jury of the maximum number of jurors permitted by law.

[THIS SPACE INTENTIONALLY LEFT BLANK]

## PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding the following relief: All unpaid wages at the FLSA mandated minimum wage rate; All misappropriated money; An equal amount of wages as liquidated damages as allowed under the FLSA; Prejudgment and post-judgment interest on unpaid back wages under the FLSA; Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; Such other and further relief to which Plaintiffs may be entitled, at law or in equity.

Respectfully submitted,
KENNEDY HODGES, L.L.P.

By: /s/ Gabriel A. Assaad
Gabriel A. Assaad
Texas Bar No. 24076189
**Pro Hac Vice Forthcoming*
gassaad@kennedyhodges.com
David W. Hodges
Texas Bar No. 00796765
**Pro Hac Vice Forthcoming*
dhodges@kennedyhodges.com
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEYS IN CHARGE FOR PLAINTIFFS

WILKING LAW FIRM, PLLC

By: s/s Leo F.J. Wilking
Leo F.J. Wilking
lwilking@wilkinglaw.com
North Dakota ID #03629
3003 32nd Ave. South, Suite 240
P.O. Box 3085
Fargo, N.D. 58108-3085
Telephone: (701) 356-6823
Fax: (701) 478-7621