IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| ELLA METCALF )<br>)<br>Plaintiff(s), )<br>)<br>V. )<br>)<br>FERNY PROPERTIES, LLC, D/B/A THE )<br>NORTHERN GENTLEMEN'S CLUB, )<br>KERRY FERNHOLZ, )<br>)<br>Defendants. )<br>)<br>) | CASE NO. 3:19-CV-169-DCH<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

### I.   SUMMARY

1.     Defendants Ferny Properties, LLC, d/b/a The Northern Gentlemen's Club (hereafter "Northern"), and Kerry Fernholz, (hereafter "Defendants") required and/or permitted Ella Metcalf ("Plaintiff" or "Metcalf") to work as an exotic dancer at their adult entertainment club but refused to compensate her at the applicable minimum wage. In fact, Defendants refused to compensate her whatsoever for any hours worked. Plaintiff's only compensation was in the form of tips from club patrons and even some of that money was illegally taken by the club.

2.     Defendants took money from Plaintiff in the form of "house fees" or "rent". Plaintiff was also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3.     Defendants misclassify dancers, including Plaintiff, as independent contractors so that she do not have to compensate her at the federally mandated minimum wage rate.

4.     Defendants' practice of failing to pay employees wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and dividing tips also

violates Federal Law because for at least one workweek in the relevant statutory period, these practices caused Plaintiff to be paid below the minimum wage.

5. Defendants also violated the FLSA by failing to pay time and a half to Metcalf when she worked more than 40 hours a week.

6. Defendants owe Plaintiff minimum wages, overtime, house fee charges, tips, liquidated damages, attorney's fees, and costs.

## II. SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III. PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Ella Metcalf is an individual who at the time of the events giving rise to this lawsuit, resided in Oregon and worked for Defendants in North Dakota. Her consent to this action is attached as Exhibit A.

10. Ferny Properties, LLC doing business as Northern Gentlemen's Club, is a North Dakota limited liability company. Upon information and belief, Ferny Properties owns and operates Club Northern. This Defendant may be served with process by serving its registered agent Kerry Fernholz at 325 N. 10th Street, Fargo, North Dakota, 58102.

11. Kerry Fernholz is an owner and a manager of Northern Gentlemen's Club and may be served with process at 325 N. 10th Street, Fargo, North Dakota, 58102 or wherever he may be found.

12. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of North Dakota and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

13. Defendants have and continue to have systematic contacts with the State of North Dakota sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in North Dakota by operating a successful club in Fargo. Defendants also routinely employ workers such as Plaintiff and contract with residents and businesses in North Dakota.

14. This cause of action arose from or relates to the contacts of Defendants with North Dakota residents, thereby conferring specific jurisdiction over Defendants.

### IV. FLSA COVERAGE

15. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because she have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendants have had, and continue to have, an annual gross business volume with Northern of at least $500,000.

19. Individual Defendant Kerry Fernholz is an employer under the FLSA because he 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is responsible for maintaining employment records.

20. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

### V. FACTS

21. Defendants operate an adult entertainment club in North Dakota, under the name of "Northern Gentlemen's Club."

22. Plaintiff was previously employed as exotic dancers at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

23. Defendants hired local North Dakota residents as dancers. Defendants also brought in dancers from outside the state, such as Plaintiff, and provided her with "dorm" style lodging near the club.

24. Plaintiff was brought to North Dakota by Defendants for months at a time within the FLSA statutory period and was provided rudimentary lodging where she shared a kitchen and showers with a dozen or more dancers similarly brought in to work at the club.

25. Plaintiff would stay in this dorm for months and would work at the club full-time. She had no independent means of transportation, she was expected to work full time at the club and was economically, practically, and functionally bound to the club.

26. Ella Metcalf worked at Northern for at least 40 hours a week. She worked from at least the beginning of her statutory period in August 2016 until May 2018.

27. She worked between 7-10 hours per shift and worked 6 shifts per week.

28. Metcalf never received any wages during her employment with the club.

29. As an illustrative example, in the first week of September 2016, Metcalf worked at Northern as a dancer and was not paid the federal minimum wage. This continued during every workweek she actually worked from the start of employment until she left in May 2018.

30. Plaintiff was classified by Defendants as an independent contractor who "leased" the premises and therefore actually paid the club to dance at the club.

31. Defendants charged a fee to Plaintiff if she wanted to work at the club.

32. On at least one occasion during the statutory period, Plaintiff left the club with negative earnings, that is, she made less than what she paid in "rental fees" to dance at the club.

33. Plaintiff was compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay her whatsoever for any hours worked at the establishment.

34. Defendants also required Plaintiff to share their tips with other non-service employees who do not customarily receive tips, including club managers, the disc jockeys, and the "house moms."

35. Defendants also took a portion of Plaintiff's tips after Plaintiff performed dances for customers. These amounts were not recorded in the club's gross sales receipts and were not distributed back to dancers. As alleged, no wages were provided to dancers.

36. Plaintiff Metcalf performed a significant number of dances at Northern, after each dance, the club arbitrarily took $5 from her earnings from couch and lap dances.

37. The club also charged patrons who used a credit card to pay for the dances an unreasonably large service fee and pocketed that fee, without distributing any portion of it back to the dancers. For example, if a customer paid $250 for a VIP "champagne room" dance, the club would take the money and charge $50 as processing fees, and only distribute $200 back to the dancer.

38. Plaintiff frequently work more than forty (40) hours per workweek without receiving compensation at one- and one-half times their regular rate.

39. Defendants illegally classified Plaintiff as an independent contractor. However, at all times, Plaintiff was employee of Defendants.

40. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff.

41. The following non-exhaustive list further demonstrates Plaintiff's status as an employee:

    a) Defendants forced Plaintiff to pay a house fees to dance in the club – she paid $100 on average to dance, many times significantly more;

    b) Defendants did not allow Plaintiff to enter the club to dance after 8pm;

    c) Defendants made the decision not to pay Plaintiff minimum wages or overtime;

    d) Defendants set the price for private dances ($25) at the club and kept a portion of the dance revenues for themselves ($5);

    e) Defendants provided the Plaintiff with music, poles, stages, and extensive lighting, and she simply danced;

    f) Defendants mandated that Plaintiff pay managers and DJs a tip from her earnings;

g) Defendants published an online schedule on their website and charged Plaintiff fines for leaving early before her shift was over;

h) The club signed Plaintiff in every shift in order to monitor her hours;

i) Defendant required Plaintiff to wait for a security escort before leaving the club to go to the parking lot;

j) The club required Plaintiff to dance to a minimum number of songs on stage in order to incentivize patrons to spend money;

k) Defendants auditioned Plaintiff but did not provide training, the main consideration was attractiveness of the dancer;

l) Defendants invested thousands of dollars in physically transporting and housing Plaintiff from out of state and provided dorm style lodging so that she would work at the club full-time and attract more customers;

m) Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

n) Defendants employed Plaintiff for years;

o) Plaintiff represented the workforce without which Defendants could not perform their services;

p) Plaintiff's services were integrated into Defendants' operations, i.e. customers came to the club to see Plaintiff dance.

42. Plaintiff is not exempt from the minimum wage or overtime requirements under the FLSA.

43. Defendants' method of paying Plaintiff in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

44. Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VI. CAUSES OF ACTION

### COUNT I: FAILURE TO PAY MINIMUM WAGE AND WAGES DUE (COLLECTIVE ACTION)

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

47. Defendants unlawfully charged Plaintiff rent to dance and took tips and wages from her in violation of the Fair Labor Standard Act's minimum wage provision.

48. Because they paid no wages, Defendants violated the law.

49. Additionally, Defendants took tips and wages from Plaintiff unlawfully. This violates the FLSA because it caused each Plaintiff to earn less than the minimum wage during at least one workweek in each Plaintiff's statute of limitations period.

50. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiff.

### COUNT II: FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

51. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

52. This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff overtime based on the FLSA's time and a half formula.

53. For each hour worked in excess of forty (40) each week, Plaintiff was entitled to be paid one and one-half times their regular rates of pay. 29 U.S.C. § 207.

54. By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

55. No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to Plaintiff.

56. Defendants' failure to pay overtime to Plaintiff in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VII.   DAMAGES SOUGHT

57. Plaintiff is entitled to recover compensation for the hours she worked for which she was not paid at the mandated minimum wage rate.

58. Plaintiff is entitled to recover compensation for the hours she worked over 40 in one workweek for which she was not paid at the mandated overtime wage rate.

59. Plaintiff is also entitled to all of the misappropriated funds, including "rental fees", tips taken from her, tips taken from dance performances, and any additional wages owed.

60. Plaintiff is also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

61. Plaintiff is entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## VIII.   DEMAND FOR JURY TRIAL

62. Plaintiffs demand a trial by jury of the maximum number of jurors permitted by law.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**PRAYER FOR RELIEF**

For these reasons, Plaintiff respectfully requests that judgment be entered in her favor awarding the following relief: All unpaid wages at the FLSA mandated minimum wage rate; All misappropriated money; An equal amount of wages as liquidated damages as allowed under the FLSA; Prejudgment and post-judgment interest on unpaid back wages under the FLSA; Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; Such other and further relief to which Plaintiff may be entitled, at law or in equity.

                                  Respectfully submitted,
                                  KENNEDY HODGES, L.L.P.

                                By: */s/ Gabriel A. Assaad*
                                Gabriel A. Assaad
                                Texas Bar No. 24076189
                                \*\**Pro Hac Vice Forthcoming*
                                gassaad@kennedyhodges.com
                                David W. Hodges
                                Texas Bar No. 00796765
                                \*\**Pro Hac Vice Forthcoming*
                                dhodges@kennedyhodges.com
                                4409 Montrose Blvd., Suite 200
                                Houston, TX 77006
                                Telephone: (713) 523-0001
                                Facsimile: (713) 523-1116

                                LEAD ATTORNEYS IN CHARGE FOR PLAINTIFF

                                WILKING LAW FIRM, PLLC

                                By: s/ *Leo F.J. Wilking*
                                Leo F.J. Wilking
                                lwilking@wilkinglaw.com
                                North Dakota ID #03629
                                3003 32nd Ave. South, Suite 240
                                P.O. Box 3085
                                Fargo, N.D. 58108-3085
                                Telephone: (701) 356-6823
                                Fax: (701) 478-7621